**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark A. CRANE, Defendant— Appellant.**

Nos. 05–50243, 05–50424.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Jeannie M. Joseph, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael D. Nasatir, Esq., William J. Genego, Jr., Esq., Nasatir Hirsch Pod-

beresky & Genego, Santa Monica, CA, for Defendant–Appellant.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Mark A. Crane appeals from the district court's amended order of restitution imposed following his guilty-plea conviction to two counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Crane contends that the district court erred in calculating the amount of restitution. Specifically, Crane argues that the restitution amount should be ten percent of the total over billings plus the cost of the internal audit required by the criminal investigation. The district court did not err in its restitution calculation, which was based on a declaration by a representative of the victim-company. Restitution is determined by actual loss. *See United States v. De La Fuente,* 353 F.3d 766, 771– 72 (9th Cir.2003). The district court found that the commission structure was not a flat ten percent, and properly calculated the restitution by taking the sum of Crane's commissions, less the legitimate commissions, plus the cost of the audit. *See id.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.